# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **TERRALE YARBROUGH,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **No. 3:26-CV-02048-LS** |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| ***Defendant*.** | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Terrale Yarbrough sues the Bank of America, N.A. for $1,000,000 owed for allegedly violating a trust security agreement.[1] The Court denied Plaintiff's motion to proceed *in forma pauperis*,[2] and Plaintiff filed a motion for reconsideration.[3] The Court grants Plaintiff's motion for reconsideration and grants his motion to proceed *in forma pauperis*, which is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[4]

A complaint is frivolous if it lacks an arguable basis in law or fact.[5] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).[6] A complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[1] See ECF No. 1 at 1–2.
[2] ECF No. 9.
[3] ECF No. 11.
[4] 28 U.S.C. § 1915(e)(2)(B).
[5] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
[6] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

relief that is plausible on its face if it is to survive a motion to dismiss.[7] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8]

A court must consider the allegations in a *pro se* party's complaint liberally.[9] *Pro se* status does not, however, afford the party an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[10]

## I. ANALYSIS

Plaintiff's stated basis for federal jurisdiction is "Article 1 Section 10: Right to Contract."[11] In describing his claim, Plaintiff alleges that he sent notice of an unpaid lien to Defendant to make it aware of a "first obligation trust lien" he had to prioritize, but that Defendant "completely ignored the notice and continued to report account on credit[,] which now puts them at fault for the trust lien security agreement."[12] Even under a liberal interpretation, Plaintiff's claim against Defendant Bank of America fails under the federal Contracts Clause, which limits *states'* powers to disrupt contractual arrangements.[13]

## II. LEAVE TO AMEND

Courts should ordinarily grant a *pro se* plaintiff leave to amend a complaint before dismissing the case unless the plaintiff has already pled his "best case."[14] Accordingly, the Court

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[10] *Farguson v. MBank Houston*, N.A., 808 F.2d 358, 359 (5th Cir. 1986).
[11] ECF No. 1 at 3.
[12] *Id.* at 4.
[13] U.S. Const. art. I, § 10, cl. 1; *see Sveen v. Melin*, 584 U.S. 811, 818 (2018) ("The Contracts Clause restricts the power of States to disrupt contractual arrangements.").
[14] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

grants Plaintiff until **November 30, 2026** to file a viable amended complaint. Failure to do so will result in a final judgment of dismissal.

## III. CONCLUSION

The Court **GRANTS** the motion for reconsideration of the order denying the motion to proceed *in forma pauperis* [ECF No. 11], **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [ECF No. 7], and **DISMISSES** this lawsuit with leave to file an amended complaint on or before **November 30, 2026**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 13, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**